1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES L. MALONE,

11               Petitioner,                    No. 2:11-cv-1799 KJN P

12         vs.

13   MIKE BABCOCK, Warden,                      ORDER AND

14               Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a federal prisoner, proceeding without counsel, with an application

17   for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On February 2, 2012, respondent filed

18   a motion to dismiss.  On March 22, 2012, petitioner filed an opposition.  No reply was filed.  As

19   set forth below, the court recommends that respondent's motion to dismiss be granted.

20   I.  Background

21              Petitioner was arrested on April 28, 2004, by the Texarkana, Bowie County,

22   Texas Police Department, for possession of a controlled substance, Case No. 05F0266-102.

23   Petitioner posted bond, and was released on April 29, 2004.  (Dkt. No. 9-1 at 3.)

24              On April 30, 2005, petitioner was arrested by the Texarkana, Texas Police

25   Department, for unlawful possession of a firearm by a felon, Case No. 05F0267-102.  Petitioner

26   posted bond and was released on the same day.  (Dkt. No. 9-1 at 3.)

1

On May 17, 2005, petitioner was arrested by the Texarkana, Texas Police Department, for unlawful possession of a firearm by a felon, Case No. 06F0202-102.  Petitioner posted bond and was released on May 18, 2005.  (Dkt. No. 9-1 at 3.)

On December 2, 2005, petitioner was arrested by the Long Beach, California, Police Department, on a Bowie County, Texas warrant for failure to appear in Case Nos. 05F0266-102, 05F0267-102, and 05F0202-102.  (Dkt. No. 9-1 at 4.)  Petitioner was extradited to Bowie County, Texas, on December 16, 2005.  (Id.)

On January 30, 2006, petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on Prohibited Person in Possession of a Firearm in the Eastern District of Texas.  (Dkt. Nos. 9-1 at 4; 9-2 at 5.)  On November 30, 2006, petitioner was sentenced in the United States District Court, Eastern District of Texas, Case No. 5:06CR00001-001, to a term of 120 months for Prohibited Person in Possession of a Firearm. (Dkt. No. 9-1 at 4.)  The federal Judgment and Commitment order was silent on whether petitioner's sentence should run consecutively or concurrently with any subsequent prison sentences based on Texas convictions.[1]  (Dkt. No. 9-2 at 9.)  On December 5, 2006, petitioner was returned to the custody of the Texas state authorities.  (Dkt. No. 9-1 at 4.)

On May 22, 2008, petitioner was sentenced in the 102nd District Court, Bowie County, Texas, as follows:

> (1) in Case No. 05F0266-102 - Possession of a Controlled Substance - a term of six months with credit for time served from April 28, 2004, to April 29, 2004, and from December 17, 2005, to May 22, 2008.  (Dkt. No. 9-1 at 4-5.)
> (2) in Case No. 05F0267-102 - Unlawful Possession of a Firearm by a Felon - a term of 2 years with credit for time served from April 30, 2005, to April 30, 2005, and from December 17, 2005, to May 22, 2008.  (Dkt. No. 9-1 at 5.)
> (3) in Case No. 06F0202-102 - Unlawful Possession of a Firearm by a Felon - a term of 2 years with credit for time served from May 17, 2005, to May 18, 2005, and from December 17, 2005, to May 22, 2008.  (Dkt. No. 9-1 at 5.)

---

[1]  However, the judgment stated that petitioner's sentence was "to run consecutively to the sentence [petitioner] is presently serving in Case Number CR2004-54, out of the Circuit Court of Howard County, Arkansas."  (Dkt. No. 9-2 at 9.)

2

1   All state sentences were ordered to run concurrently.  (Dkt. No. 9-2 at 17, 19, 21.)  The Judgment

2   of Conviction states that "If Defendant is to serve sentence in TDCJ ("Texas Department of

3   Criminal Justice"), enter incarceration periods in chronological order:  From 5/17/2005 to

4   5/18/2005; from 12/17/2005 to 5/22/2008.  (Dkt. No. 9-2 at 21.)

5              On May 23, 2008, Bowie County, Texas authorities determined petitioner had

6   satisfied his Texas state sentences and released him to the custody of federal authorities.  Texas

7   Department of Criminal Justice ("TDCJ") authorities confirmed petitioner received credit toward

8   his state sentences for all time spent in custody from April 28, 2004, through April 29, 2004;

9   April 30, 2005; May 17, 2005, through May 18, 2005; and December 17, 2005, through May 22,

10  2008.  (Dkt. No. 9-2 at 23.)  These dates include the January 30, 2006, through December 5,

11  2006, period in which petitioner was detained under the writ of habeas corpus ad prosequendum.

12  II.  Standard of Review

13             Writ of habeas corpus relief extends to a person in custody under the authority of

14  the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the

15  validity or constitutionality of his conviction must bring a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that

17  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

18  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Jalili, 925

19  F.2d 889, 893-94 (6th Cir.1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To

20  receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence

21  is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g. Clark v.

22  Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be

23  credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed

24  at a community treatment center); Brown, 610 F.2d at 677 (challenging content of inaccurate

25  pre-sentence report used to deny parole).

26             A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241

1   must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

2   At the time the instant petition was filed, petitioner was in the custody of the U.S. Bureau of

3   Prisons at Herlong, California, which is located within the jurisdiction of this court.  28 U.S.C.

4   § 2254(a); 2241(d).

5   III.  Exhaustion of Administrative Remedies

6          Before filing a petition for writ of habeas corpus, a federal prisoner challenging

7   any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v.

8   Roberts, 804 F.2d 570, 571 (9th Cir. 1986).  Respondent concedes that petitioner exhausted his

9   administrative remedies.

10  IV.  Custody Time Credit

11         Petitioner argues his federal sentence began to run on January 30, 2006, because

12  he was in federal custody pursuant to a writ of habeas corpus ad prosequendum, and thus the

13  Bureau of Prisons should give him credit toward his federal sentence for the time he was

14  detained pursuant to the federal writ.

15         The authority to compute a federal prisoner's sentence is delegated to the United

16  States Attorney General, who exercises this authority through the U.S. Bureau of Prisons

17  ("BOP").  United States v. Wilson, 503 U.S. 329, 334-35 (1992).  "Computing a federal sentence

18  requires two separate determinations:  first, when the sentence commences; and, second, to what

19  extent the defendant in question may receive credit for any time already spent in custody."

20  United States v. Smith, 812 F. Supp. 368, 370 (E.D. N.Y.1993).  A federal sentence commences

21  "on the date the defendant is received in custody . . . to commence service of sentence at the

22  official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  In this

23  regard, the Ninth Circuit has recently joined other circuits in noting that

24         courts have interpreted § 3585(a) to mean that a federal sentence
       cannot begin before the defendant has been sentenced in federal
25     court.  See United States v. Gonzalez, 192 F.3d 350, 355 (2d
       Cir.1999) (holding that a district court cannot "backdate" a federal
26     sentence to the beginning of a state prison term on related state

4

charges.); <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")

<u>Schleining v. Thomas</u>, 642 F.3d 1242, 1244 (9th Cir. 2011).

The statute governing credits and the calculation of a federal term of imprisonment provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis added).  In enacting this provision, "Congress made clear that a defendant could not receive a double credit for his detention time."  <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992).  The BOP's guidelines for computation of sentences are set forth in Program Statement 5880.28, which expressly incorporates the provisions of 18 U.S.C. § 3585(b). <u>See</u> Program Statement 5880.28 at 1-14 ("18 U.S.C. § 3585(b) . . . is controlling for making time credit determinations for sentences imposed under the [Sentencing Reform Act]").

A. <u>When Federal Sentence Commenced</u>

Here, petitioner's federal sentence commenced on May 23, 2008, when petitioner was released to the custody of federal authorities to begin serving his federal sentence.  18 U.S.C. § 3585(a).  Contrary to petitioner's argument, a federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum.  <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1366-67 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he

5

1  is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over

2  the accused continues uninterruptedly."). Although petitioner was in the physical custody of the

3  United States Marshal during the time the federal writ was pending, he was still in the primary

4  custody of the State of Texas, which did not relinquish its jurisdiction by temporarily

5  surrendering physical custody to the federal government. Id.; United States v. Warren, 610 F.2d

6  680, 684-85 (9th Cir. 1980) (discussing priority of custody and service as between state and

7  federal sovereigns). Petitioner was released to exclusive custody on May 23, 2008; thus,

8  petitioner's federal sentence commenced on May 23, 2008.

9        B. <u>Credit Received</u>

10        Petitioner received credit toward his state sentence for his time in federal custody

11  pursuant to the federal writ. (Dkt. Nos. 9-2 at 23.) Subsequent to petitioner's arrest and

12  extradition to Bowie County, Texas, on December 16, 2005, petitioner was temporarily

13  transferred to federal court pursuant to the federal writ. The time that petitioner was in the

14  temporary custody of the United States Marshal was applied to his state sentence. (Id.) By the

15  time petitioner was taken into federal custody on May 23, 2008, to begin serving his federal

16  sentence, petitioner had served his state term of incarceration.

17        C. <u>Whether Additional Credit is Due</u>

18        As set forth above, 18 U.S.C. § 3585(b) precludes granting double credit for time

19  served in federal or state custody. <u>Wilson</u>, 503 U.S. at 337. Here, petitioner was credited time

20  against his state court (Texas) sentence for his pre-sentence state custody, served while he was

21  subject to the federal writ. (Dkt. No. 9-2 at 23.) For that reason, the BOP did not credit that time

22  to petitioner's federal sentence. Because petitioner was given time credit against his state

23  sentence, he cannot receive the same credit against his federal sentence. 18 U.S.C. § 3585(b)

24  (petitioner shall be given credit so long as his sentence "has not been credited against another

25  sentence.")

26  ////

1    Petitioner's argument that he should be given time credit under Willis v. United

2    States, 438 F.2d 923 (5th Cir. 1971), is likewise without merit.  Although the language of

3    § 3585(b) does not provide for any exceptions, BOP policy is to award pre-sentence custody

4    credits already credited to a concurrent state sentence in two narrow circumstances where the

5    BOP has determined that the credits will be of "no benefit" to the federal prisoner.  These credits

6    are called Willis and Kayfez credits, and are based on judicially-created exceptions to § 3585(b)

7    set forth in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993),[2] and Willis, 438 F.2d at 923.  Only

8    Willis credits are at issue here.

9    The Fifth Circuit's specific concern in Willis was that Willis had initially spent

10   time in state custody only because he was subject to a federal detainer and, therefore, should get

11   federal credit for that time.  See id. at 925 (Where a defendant "was denied release on bail

12   because the federal detainer was lodged against him, then that was time 'spent in custody in

13   connection with the [federal] offense,' . . . since the detainer was issued upon authority of the

14   appellant's federal conviction and sentence."); see also Azure v. Gallegos, 97 Fed. Appx. 240

15   (10th Cir. 2004).  Given that circumstance, the court concluded that Willis was entitled to federal

16   credit for that time spent in state custody due to the federal detainer which precluded him from

17   being released on bail on the state charges.  Willis, 438 F.2d at 925.  However, to be eligible for

18   Willis credits, the inmate must be serving a concurrent federal sentence, and the inmate must not

19   actually benefit from a credit to his state sentence.  Cruz v. Sanders, 2008 WL 5101021, at *2

20   (C.D. Cal. Dec. 2, 2008).

21   The BOP's method for implementing this policy and determining whether the

22   state pre-sentence credits will be of no benefit is set forth in BOP Program Statement 5880.28.

23   Essentially, the BOP compares the full terms of the concurrent federal and state sentences before

24

25   [2] In Kayfez, the court was concerned that the petitioner's concurrent non-federal sentence
     had been vacated, thus destroying all concurrent credit.  See Wright v. Hogsten, 2010 WL
26   1995011, at *2, n.2 (E.D. Ky. May 19, 2010) (articulating remedy prescribed by Kayfez).

the application of any credits (the "Raw EFT").  In the case of <u>Willis</u> credits, which are the relevant credits here, the BOP will find that the state-awarded pre-sentence custody credits are of "no benefit" to the federal prisoner where the Raw EFT for the state sentence is shorter than the Raw EFT for the federal sentence.

Initially, because the judgment by the District Court was silent as to whether the federal sentence was concurrent or consecutive, the court determines whether petitioner's federal sentence was concurrent or consecutive to the state sentence.

"[M]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  "If the federal sentence is silent, or ordered to run consecutively to the non-existent term of imprisonment, then the federal sentence shall not be placed into operation until the U.S. Marshal's Service or the Bureau of Prisons gains exclusive custody of the prisoner."  (Dkt. No. 9-2 at 37, quoting BOP Program Statement 5880.28.)

Here, the BOP considered petitioner's request to have his federal sentence be deemed concurrent <u>nunc</u> <u>pro</u> <u>tunc</u> with his state sentence.  BOP staff verified that the State of Texas had given petitioner custody credit against his state sentence for the appropriate periods, including the period from January 30, 2006, until December 5, 2006, while petitioner was temporarily in the custody of the United States Marshal.  (Dkt. No. 9-2 at 23.)  On March 3, 2010, the BOP wrote the Chief Judge of the United States District Court for the Eastern District of Texas to inquire as to the court's position on such retroactive construction.  The federal court responded that "[i]n order to provide adequate incremental punishment for [petitioner's] behavior, the Court would have held that Mr. Malone's Federal sentence be served consecutive to any undischarged state sentence of imprisonment."  (Dkt. No. 9-2 at 26.)  In light of this finding, the BOP declined to deem petitioner's federal sentence to be served concurrent with his state sentences.  "[T]he federal BOP is given the effective authority to enforce (or not) a state court's determination that a state sentence should run concurrently."  <u>Abdul-Malik v. Hawk-</u>

1   Sawyer, 403 F.3d 72, 76 (2d Cir. 2005); see also Fegans v. United States, 506 F.3d 1101, 1104

2   (8th Cir. 2007) (BOP's determination that the federal sentencing judge did not intend federal

3   sentences to be concurrent to any subsequently imposed state sentence on unrelated charges was

4   entitled to substantial deference.)  Thus, petitioner's federal sentence was to be served

5   consecutively to his state sentence.

6         Accordingly, petitioner is not entitled to Willis credit.  First, petitioner benefitted

7   from the credit applied to his state sentence, as set forth above.  Second, as determined by the

8   BOP, petitioner's federal sentence was to be served consecutively, not concurrently.  "Without

9   concurrent state and federal sentences, the Willis exception cannot be applied."  Richardson v.

10  Outlaw, 2011 WL 671997, at *7 (E.D. Ark. Feb. 17, 2011); Cruz, 2008 WL 5101021, at *2.

11  Thus, petitioner is not entitled to Willis credits because he received credit against his state

12  sentence, and both state and federal sentences were not concurrent.

13        Petitioner's claim that he should be given credit for the time he was subject to the

14  federal writ because the state offense was one in which he could have posted bail, is likewise

15  without merit.  Petitioner claims the presence of the detainer made it impossible for him to post

16  bail and rendered his pretrial custody federal in nature.  However, because petitioner has received

17  custody credit for this time toward his state sentence, his claim is meritless.  Specifically, in

18  Smith v. U.S. Parole Commission, 875 F.2d 1361 (9th Cir. 1989), the prisoner committed a state

19  crime while on federal parole.  Id. at 1362.  Smith was initially arrested by the State and bail was

20  set to which he could not afford.  Id.  The Parole Commission previously issued an arrest warrant

21  and subsequently placed a detainer against Smith after his arrest.  Id.  Smith was sentenced to a

22  state term to be run concurrent with his federal sentence and afforded him state credit for the time

23  he had previously spent in state custody.  Id. at 1363.  Smith argued, among other things, that if

24  he was able to post bail, he would have been taken into federal custody and would have then

25  been afforded federal credit for the time he spent in pretrial custody.  Id. at 1365.  The court

26  rejected Smith's argument, since he had received credit against his state sentence, and was

1   therefore not deprived of any enforceable right.  Id.  This argument only has potential merit if the

2   prisoner does not get credit for pretrial custody time against any sentence at all, i.e. "dead time."

3   Id.

4          The same logic applies here.  Petitioner was in state custody when the federal

5   government borrowed him on the federal writ.  Petitioner received credit for all the time he spent

6   in state custody against his sentence on state charges; therefore, petitioner suffered no "dead

7   time" and no double credit against his federal sentence is due.  Id.

8          In sum, all the time spent in custody by petitioner prior to March 23, 2008, was

9   credited toward his state sentence for crimes unrelated to the federal charges for which he was

10  sentenced under federal law.  The BOP's calculation of credits is consistent with federal law.

11  Accordingly, habeas relief is not warranted.

12  V.  Conclusion

13         In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the

14  Court is directed to assign a district judge to this case; and

15         Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

16  dismiss (dkt. no. 9) be granted, and this action be dismissed.

17         These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

19  one days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22  objections shall be filed and served within fourteen days after service of the objections.  The

23  ////

24  ////

25  ////

26  ////

1    parties are advised that failure to file objections within the specified time may waive the right to

2    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  May 29, 2012

4

5                                               _____

6                                               KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

7    malo1799.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26